IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRIS S. NIX, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:  2:05-CV-1044-D |
| | ) |
| ANTHONY CLARK, | ) |
| | ) |
|     Defendant. | ) |

**ANSWER**

COMES NOW the Defendant Anthony Clark, Sheriff of Covington County, Alabama, and responds to the Complaint filed by Plaintiff in the above-styled cause and state as follows:

1. Plaintiff brings his suit under 42 U.S.C. § 1983 and claims that his constitutional rights were violated by Defendant.[1] More specifically, as a pre-trial inmate, the Plaintiff alleges that his rights have been violated in that the Defendant: (a) failed to address the Plaintiff's grievances in violation of the Plaintiff's First Amendment right to petition the government for redress of his grievances; (b) failed to provide adequate medical attention in violation of the Plaintiff's Fourth Amendment right to be secure in his person;[2] (c) denied Plaintiff medical treatment in violation of the Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment; and (d) unlawfully detained Plaintiff without water and sewage in violation of the Plaintiff's Eighth and Fourteenth Amendment rights.

---

[1] The following statement of the issues and claims made by Plaintiff are based upon Plaintiff's Complaint and the undersigned's interpretation of the issues raised.  If other issues are presented, Defendants generally deny any such allegations as being untrue and completely without basis in law or fact.

[2] The Plaintiff alleges that he has "been denied the right to be secured in [his] houses[,] paper and effects by failure to give proper medical screening nor medical treatment."  However, the Defendant assumes, given the allegations, that the Plaintiff means to implicate his personal well-being and security.

2.     Defendant admits that the Plaintiff was incarcerated on or before July 4, 2005, at the Covington County Jail.

3.     Defendant denies the remaining allegations and inferences in the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted. Defendant did not deprive Plaintiff of any constitutional right to which he is entitled.

2.     Any claims against Defendant in his official capacity are barred by the Eleventh Amendment and because Defendant is not a "person" under 42 U.S.C. § 1983.

3.     Defendant is entitled to qualified immunity in his individual capacity.

4.     The Plaintiff's claims are barred due to the Plaintiff's failure to exhaust all available state remedies.

5.     Defendant reserves the right to add additional defenses upon a complete investigation of Plaintiff's claims, completion of any discovery allowed, and if any further pleading is required or allowed by the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant requests this Court to enter judgment in his favor and grant unto him costs and attorney's fees pursuant to law and 42 U.S.C. § 1988.

Respectfully submitted on this the 13th day of December, 2005.

        **s/Scott W. Gosnell**
        SCOTT W. GOSNELL, Bar Number:  GOS002
        Attorney for Defendant
        WEBB & ELEY, P.C.
        7475 Halcyon Pointe Road (36117)
        P.O. Box 240909
        Montgomery, Alabama  36124
        Telephone:  (334) 262-1850
        Fax:  (334) 262-1889
        E-mail:  sgosnell@webbeley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 13th day of December, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and served the following Non-CM-ECF participant by U.S. Mail, postage prepaid:

        Chris S. Nix
        Covington County Jail
        290 Hillcrest Drive
        Andalusia, Alabama  36420

        **s/Scott W. Gosnell**
        OF COUNSEL